**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**LYLE J. MORIEN,**
      - Plaintiff

    v.                                        CIVIL NO. 3:09-CV-746 (CFD)(TPS)

**MUNICH REINSURANCE AMERICA, INC. (f/k/a American Reinsurance Co.), Munich Reinsurance America, Inc. Welfare Benefit Plan for Lyle Morien, the Munich American Reinsurance Welfare Benefit Plan or Plans Providing Medical, Dental, and Life Insurance,**
      - Defendants

## Ruling and Order on Defendant's Motion for Protective Order

The defendant, Munich Reinsurance America, Inc. ("Munich"), filed a motion for protective order, seeking to stay the deposition of Ms. Patricia Pennett and discovery generally. Def.'s Mot. Protective Order 1, ECF No. 50. The plaintiff, Lyle J. Morien, objects to Munich's motion and seeks to proceed with Ms. Pennett's deposition. Pl.'s Obj. 1-2, ECF No. 52. Morien does not seek to proceed with any other depositions or discovery. Id. at 3. The Court assumes the parties' familiarity with the facts underlying this motion.

I.   **Standard for Protective Order**

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. In relevant part, Rule 26(c) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . .

Fed. R. Civ. P. 26(c). Good cause may be shown where a party has filed a dispositive motion. Cuartero v. United States, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006). The party seeking a stay of discovery bears the burden of showing good cause. Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 290 (D. Conn. 2007). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Josie-Delerme v. Am. Gen. Fin. Corp., No. CV 2008-3166(NG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). Rather, courts consider three factors when determining whether a stay of discovery is appropriate in that situation:

1. Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious;

2. The breadth of discovery and the burden of responding to it; and

3. The risk of unfair prejudice to the party opposing the stay.

Id.; see also Cuartero, 2006 WL 3190521, at *1. "Courts may also consider the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the

2

type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation." Josie-Delerme, 2009 WL 497609, at *1.

**II. Legal Discussion**

    **A. Munich's Showing That Morien's Claim is Unmeritorious**

Federal Rule of Civil Procedure 12(d) dictates that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In this case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Munich filed a motion to dismiss Morien's amended complaint. See Def.'s Mot. Dismiss 1, ECF No. 45. Munich introduced two letters to support its motion to dismiss. See Def.'s Mem. Supp. Motion Dismiss Ex. A, B, ECF No. 46. Perhaps anticipating Morien's Rule 12(d) argument, Munich asked that "[i]n the event the Court considers matters outside the pleadings in deciding this motion [to dismiss], Munich Re requests that your Honor convert its application into one for summary judgment." Def.'s Mot. Dismiss 1 n.1, ECF No. 45.

Munich has not made a strong showing that Morien's claim is unmeritorious. First, in filing its motion to dismiss, Munich presented matters outside the pleadings. The Court has not

3

excluded those matters. As such, Munich's motion to dismiss ought to be treated as one for summary judgment under Rule 56, and Morien ought to be given a reasonable opportunity to present all the material that is pertinent to the motion. It appears that Morien intends to present such material, at least in part through its deposition of Ms. Pennett. Pl.'s Obj. 3, ECF No. 52. Munich's argument that "plaintiff's ERISA claims undeniably fail as a matter of law and are therefore ripe for disposal, with prejudice" is therefore weak, since the plaintiff may potentially unearth information during Ms. Pennett's deposition that would prevent his ERISA claim from "undeniably fail[ing] as a matter of law." Def.'s Mot. Protective Order 6, ECF No. 50.

Second, if and when Judge Droney considers Munich's motion as a motion for summary judgment, Munich still has not made a strong showing that the plaintiff's claim is unmeritorious. Morien intends to argue that the March 30th letter -- which Ms. Pennett wrote -- was not a clear repudiation of Morien's claim for lifetime benefits. See Def.'s Mem. Supp. Motion Dismiss Ex. A, B, ECF No. 46; Pl.'s Obj. 8, ECF No. 52. This brings up several issues, including:

1. Whether Ms. Pennett construed the question poised [sic] in paragraph three (3) of Morien's January 4th Letter as a claim under ERISA for benefits;

2. Whether [Ms. Pennett] had authority to deny Morien's claim, to the extent that paragraph three (3) can fairly be construed as asserting such a claim; and

4

> 3. Whether the inclusion in [Ms. Pennett's] letter of boiler plate language explaining the health benefits for retirees generally qualifies as a "clear repudiation" of his right to lifetime benefits.

Pl.'s Obj. 8, ECF. No. 52. Morien is likely to discover information relating to these important and relevant issues at Ms. Pennett's deposition. In fact, the mere existence of these questions, as well as the answers that they may elicit, weaken Munich's argument that Morien's claims fail as a matter of law.

Third, Morien points out that "[a] plaintiff's cause of action under ERISA accrues when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." Custer v. South New England Telephone Co., No. 3:05-CV-1444(SRU), 2008 WL 222558, at *4 (D. Conn. Jan. 25, 2008) (quoting Carey v. IBEW Local 363 Pension Plan, 201 F.3d 44, 47 (2d Cir. 1999)). As Morien further points out, Ms. Pennett's March 30th letter arguably contained a "boilerplate" summary plan description ("SPD"). Receipt of an SPD cannot, by itself, be considered sufficient to put an individual on notice of the accrual of his ERISA cause of action. See Pl.'s Obj. 8, ECF. No. 52; Custer, 2008 WL 222558, at *4 (it cannot be presumed that plaintiffs had knowledge of the company's repudiation of their ERISA claims based on their receipt of the SPD). Consequently, Morien can reasonably argue that Ms. Pennett did not clearly repudiate his claim on March 4, 2001, and that his ERISA action therefore did not accrue on that date. This weakens Munich's argument that Morien's action is time-barred.

Finally, Morien alleges in his amended complaint that he exhausted all the administrative remedies that were reasonably available to him when his claim was repudiated for the first time in a letter dated October 15, 2008. See Pl.'s Am. Compl. 14-15, ECF No. 41; Pl.'s Obj. 5, ECF No. 52. Morien did not make that claim in his original complaint. Once again, Munich has not made a strong showing that Morien's claim is unmeritorious for failure to exhaust all available administrative remedies.

**B. Breadth of Discovery and Burden of Munich's Response**

Morien has limited his discovery to the deposition of Ms. Pennett, "a party witness and employee of Munich, concerning issues raised for the first time by Munich in its Motion to Dismiss". Pl.'s Obj. 5, ECF No. 52. He does not seek to proceed with any other depositions or discovery. Id. at 3. As the plaintiff pointed out by citing another court in this circuit, requiring a corporate defendant to make just one employee available for a deposition is "not onerous." Id. at 5 (citing Hollins v. United States Tennis Assoc., 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006)). Therefore, the breadth of discovery in this case is narrow and limited, and the burden of Munich's response is minimal.

**C. Risk of Unfair Prejudice to Morien**

In order to survive summary judgment, Morien must overcome Munich's argument that his ERISA action is time-barred as a matter of law. To accomplish this goal, Morien intends to argue that

"this action was timely filed once Morien was put on notice in October of 2008 that Munich was repudiating his claim." Consequently, Morien must show that he was not put on notice in 2001. Morien seeks to depose Ms. Pennett regarding her intentions and authority in her March 4, 2001 letter that, according to Munich, repudiated the plaintiff's claim. Ms. Pennett's deposition testimony is therefore crucial to Morien's ability to survive summary judgment. If her deposition were stayed, it is likely that Morien would be severely prejudiced.

### III. Conclusion

Having considered all of the foregoing factors, the defendant's motion for a protective order (dkt. #50) is **DENIED.** This is not a recommended ruling. This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 6(a), 72(a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 22nd day of July, 2010.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**