**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**LYLE J. MORIEN,**
    **- Plaintiff**

**v.**                                                     **CIVIL NO. 3:09-CV-746 (CFD)(TPS)**

**MUNICH REINSURANCE AMERICA,
INC. (f/k/a American
Reinsurance Co.), Munich
Reinsurance America, Inc.
Welfare Benefit Plan for Lyle
Morien, the Munich American
Reinsurance Welfare Benefit
Plan or Plans Providing
Medical, Dental, and Life
Insurance,**
    **- Defendants**

### Ruling on Defendant's Motion for Reconsideration

Pending before the court is the defendant's motion for reconsideration. See generally Def.'s Mot. Recons., ECF No. 59. The defendant, Munich Reinsurance America ("Munich"), asks the court to reconsider its July 22, 2010, opinion denying Munich's motion for a protective order. See ECF No. 56. The defendant's motion for reconsideration is **DENIED**.

**I.**    **Standard of Review**

It is well-established that "the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence . . . ." Lo Sacco v. City of Middletown, 822

F. Supp. 870, 876-77 (D. Conn. 1993). The scope of review on motions for reconsideration is limited "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." Id. (quoting Lund v. Chemical Bank, 675 F. Supp. 815, 817 (S.D.N.Y. 1987)). The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked - i.e., matters that may reasonably be expected to alter the conclusion reached by the district court. Abimbola v. Ridge, 181 F. App'x 97, 99 (2d Cir. 2006) (citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration will only be granted if "a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992).

A motion for reconsideration "may not be used to relitigate an issue the court has already decided." Robinson v. Holland, No. 3:02-cv-1943(CFD), 2008 WL 1924972, at *1 (D. Conn. Apr. 30, 2008). A motion for reconsideration is "not simply a second bite at the apple for a party dissatisfied with a court's ruling." Weinstock v. Wilk, No. 3:02-cv-1326(PCD), 2004 WL 367618 (D. Conn. Feb. 25, 2004). Rather, the motion must "demonstrate that newly discovered

2

facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the moving party which, if left unredressed, would result in a clear error or cause manifest injustice." Id.

## II. Legal Discussion

Munich asserts that the Court should reconsider its July 22, 2010, decision because "it overlooked controlling [Second Circuit] caselaw and relevant facts that might reasonably be expected to alter its conclusion." Def.'s Mot. Recons. 1. Munich has advanced two main arguments in support of this contention. First, in Hirt v. Equitable Retirement Plan, 285 F. Appx. 802, 804 (2d Cir. 2008), the Second Circuit held that a summary plan description ("SPD") constituted a "clear repudiation of any pre-amendment benefits that plaintiffs could possibly claim." The Second Circuit ruled that "[t]o the extent that a plan participant had received insufficient notice of a plan amendment or otherwise considered himself entitled to benefits other than those disclosed in the SPD, the SPD unequivocally repudiated that understanding." Id. The Second Circuit, having found that the plaintiffs' ERISA claims were time-barred under the applicable six-year statute of limitations, ultimately granted summary judgment against the plaintiffs. Munich relies upon Hirt for the proposition that in this case, the SPD clearly repudiated the plaintiff's claim for benefits so that his

3

ERISA action, which was not brought until February 22, 2010, is therefore time-barred.

Second, Munich argues that a deposition of Patricia Pennett is not reasonably calculated to elicit any relevant information, and will therefore only serve to unduly burden Pennett and Munich. Specifically, Munich rejects as "irrelevant," "a red herring," and "a non-starter" the three matters that the Court previously found to be relevant issues that the plaintiff could explore during Ms. Pennett's deposition.

In its motion for reconsideration, Munich attempts to obtain the proverbial second bite at the apple. Munich has not pointed to any new facts or evidence that the Court overlooked and might reasonably be expected to alter its conclusion. There has been no intervening change of controlling law in the Second Circuit since the motion and the Court's decision were filed. The Court does not consider its ruling to be clear error. The Court does not find that it failed to consider an aspect of law, as presented by Munich, that results in clear error or causes manifest injustice.

The Court notes that Munich, despite arguing in its motion for reconsideration that the Hirt case is "controlling" and "governing" case law that is "directly on point," failed to cite Hirt in its motion for protective order. The same can be said for Munich's present reliance on the case of Venturini v. Metropolitan Life Insurance Co., 55 F. Supp. 2d 119 (D. Conn. 1999). Munich could

have argued in its motion for protective order that the Hirt and Venturini cases supersede the case of Custer v. Southern New England Telephone Co., No. 3:05-cv-1444(SRU), 2008 WL 222558 (D. Conn. Jan. 25 2008). It did not do so. Munich could have raised these arguments in a reply brief to the plaintiff's opposition to the defendant's motion for protective order. It did not file a reply brief. The defendant, therefore, did not cite these cases to the Court when it was appropriate to raise these arguments.

In other words, Munich is seeking to reargue its position that the plaintiff's action is time-barred (and that Ms. Pennett's deposition would therefore be unduly burdensome) by relying on cases that were previously available to Munich but that Munich chose not to cite when seeking its initial protective order. Munich's attempt to obtain a second bite at the apple is impermissible. Put simply, a motion for reconsideration is not the proper venue for a party, unhappy with the trial judge's discovery ruling, to buttress its original argument with additional (and previously available) case law in an attempt to obtain a more favorable ruling.

**III. Conclusion**

For the foregoing reasons, the defendant's motion for reconsideration (dkt. #59) is **DENIED**. The defendant's motion for a protective order therefore remains denied. This is not a recommended ruling. This is a pretrial ruling and order that is

5

reviewable under the "clearly erroneous" standard of review. See 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 6 (a), 72 (a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 25th day of October, 2010.**

                                        **/s/ Thomas P. Smith**
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**